Weldon, J.,
delivered the opinion of the court:
The findings of fact in this case show that the schooner Vandeput, George Fitzhugh, master, sailed on a commercial voyage on March Y, 1800, from Norfolk, Va., bound to Marti-nico, and that while peacefully pursuing her voyage she was seized on the high seas by the French privateer Le Renard, Captain Breton, and conducted to Port de la Liberte; and afterwards condemned and sold as prize by the tribunal of commerce and prizes, sitting at Basse Terre, Guadaloupe, as set forth in the decree as follows:
“Considering that from the papers analyzed, and from those concerning the above examination, it is established that the supercargo of the vessel, who is the owner, is a native of Scotland, according to his declaration made at his examination; that he submits no documents which evidences that he was naturalized before the time of the declaration of war between France and England.
“ Considering that among the papers of the said vessel there is no sea letter or commission, no roll of equipage, but a single agreement between the captain and his crew, as was admitted by the supercargo in his examination, which document not being invested with the signatures of public officers, can not take the place of a roll of equipage, not being in proper form as it is prescribed by the model annexed to the, treaty *400 of the 6th February, 1778, between France and the United States.”
The finding’s further show that the vessel and carg’o were owned by James Donaldson & Co., but whether the vessel was registered or not does not appear, nor is it established to the satisfaction of the court that James Donaldson & Co. were citizens of the United States.
The cargo of the vessel consisted of flour, lard, bread, and staves and was owned as aforesaid.
The value of the vessel, as shown by the invoice, was §1,815.35, but no claim has been filed on behalf of the owners of the vessel or her cargo.
In March, 1800, said Donaldson & Co. effected an insurance on said vessel, amounting to §4,000, and on the same date procured insurance to the amount of §1,800 on the cargo and an insurance of §600 on the freight. A number of the persons and firms having insurance claims appear as petitioner’s in this proceeding, claiming to recover the amount paid to Donaldson & Co-, on the vessel and cargo, amounting substantially to the sum stated as insurance. The basis of their claim as insurers is the risk which they took and paid on the property of Donaldson & Co.; and in order for them to recover in this proceeding, it must be shown that the owner of the property upon which they had and jiaid insurance was a citizen of the United States. Their rights as insurers are dependent upon and incident to the ownership of Donaldson & Co.
If the property of Donaldson & Co. was legally subject to seizure and was condemned, as shown by the decree, Donaldson & Co. would have no right in the property as against the belligerent right of the French Government, and would not be entitled to recover in this proceeding.
The statute which gives the court jurisdiction provides: “That such citizens of the United States, or their legal representatives, as had valid claims of indemnity upon the French Government, arising out of illegal captures,” etc., * * * “can apply by petition to the Court of Claims within two years from the passage of this act, as hereinafter provided.” If the property at the time of seizure belonged to a subject of Great Britain, it was property seized and condemned.
The fact, as shown in this case, is that James Donaldson *401 was a British subject, and it is not shown who or what was the nationality of his partner. That fact appearing to the French court, that Donaldson was a British subject, it was justified in the condemnation of the property, and the extent of that condemnation was commensurate with the whole property, and nothing was left to the insurers as against the legal effect of that decree. The findings do not establish a legal liability on the part of the defendants, and no allowance is therefore made, as shown in the conclusion of law.
The foregoing findings and conclusion of lav/, with a copy of this opinion, will be reported to Congress.'